IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TERRY LEE ROBINSON, # 246309, )<br>)<br>    Petitioner, )<br>)<br>v. )<br>)<br>WALTER MYERS, *et al.*, )<br>)<br>    Respondents. ) | Civil Action No. 1:13cv248-WHA<br>(WO) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

In this petition for writ of habeas corpus under 28 U.S.C. § 2254 filed on March 20, 2013, petitioner Terry Lee Robinson ("Robinson") challenges the 2006 judgment of the Circuit Court of Houston County, Alabama, revoking his state probation.[1] The respondents argue that Robinson's petition is time-barred by the one-year federal limitation period in 28 U.S.C. § 2244(d). The court concludes that the petition is untimely and should be denied without an evidentiary hearing.

**II.  DISCUSSION**

*Controlling Statute of Limitations*

Title 28 U.S.C. § 2244(d) provides the statute of limitations for federal habeas petitions and states:

---

[1] Robinson, proceeding *pro se*, filed his petition – by submitting it to prison authorities for mailing on March 20, 2013 – in the United States District Court for the Southern District of Alabama. That court transferred the petition to this court on April 17, 2013.

>	(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>		(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>		(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>		(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>		(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>	(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

*Relevant State Court Proceedings*

In February 2005, Robinson pled guilty in the Houston County Circuit Court to breaking and entering a motor vehicle and second-degree theft of property. He was sentenced to consecutive terms of ten and five years' imprisonment. The sentences were suspended and he was placed on probation.

On February 28, 2006, the Houston County Circuit Court entered an order directing

2

Robinson to appear for a hearing on March 30, 2006, to show cause why his probation should not be revoked based on his failure to pay fines, court costs, and restitution. Robinson failed to appear for that hearing, and on March 30, 2006, the Houston County Circuit Court entered an order revoking his probation and ordering him to serve his sentence of consecutive terms of ten and five years' imprisonment. Robinson took no appeal from the revocation judgment.

On May 25, 2012, Robinson filed a petition for post-conviction relief under Ala.R.Crim.P. 32 in the trial court arguing that his probation was improperly revoked in March 2006. The trial court denied the Rule 32 petition on June 15, 2012, finding it was untimely under the applicable limitation period. *See* Ala.R.Crim.P. 32.2(c). Robinson appealed, and in an unpublished memorandum opinion issue on October 26, 2012, the Alabama Court of Criminal Appeals affirmed the trial court's judgment. Robinson applied for rehearing, which was overruled on November 12, 2012. He then filed a petition for writ of certiorari with the Alabama Supreme Court, which that court denied on February 15, 2013. A certificate of judgment was entered that same date.

*Application of Federal Limitation Period*

Because Robinson took no appeal from the Houston County Circuit Court's March 30, 2006, revocation judgment, that judgment became final 42 days later, on May 11, 2006, when the time for appeal under Alabama law expired. *See* Ala.R.App.P. 4(b)(1). Under 28 U.S.C. § 2244(a)(1)(A), Robinson then had until May 11, 2007, to file a federal habeas petition considered timely, absent any periods of statutory or equitable tolling.

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the federal limitation period. 28 U.S.C. § 2244(d)(2). Although Robinson filed a Rule 32 petition in the Houston County Circuit Court in May 2012 challenging the 2006 revocation judgment, that Rule 32 petition (which was denied as untimely filed) had no tolling effect under § 2244(d)(2), because the one-year federal limitation period expired long before the petition was filed. *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (where the state court application for post-conviction relief is filed after the one-year statute of limitations has expired, it does not toll the statute because no time remains to be tolled).

Robinson argues that § 2244(d)(1)(D) provides the applicable start date for the limitation period in his case, and that under that provision, his § 2254 petition is timely.[2] Section 2244(d)(1)(D) runs the statute-of-limitations clock from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."[3] 28 U.S.C. § 2244(d)(1)(D). Robinson insists that he did not

---

[2] Robinson does not argue for application of the statutory tolling provisions of § 2244(d)(1)(B) or (C). In any event, there is no evidence that an unconstitutional or illegal state action impeded him from filing a timely § 2254 petition, *see* 28 U.S.C. § 2244(d)(1)(B), and he presents no claim that rests on an alleged "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," *see* 28 U.S.C. § 2244(d)(1)(C).

[3] Subsection (D) can only apply where the factual predicate of the claim was not known and could not have been known in the exercise of reasonable diligence until sometime after the judgment at issue became final for purposes of subsection (A). *See Mattern v. Secretary for Dep't of Corr.*, 494 F.3d 1282, 1286 (11th Cir. 2007).

discover the factual predicate for his claims until April 20, 2012, when he says he received his inmate summary sheet from the Alabama Department of Corrections ("ADOC") and learned, for the first time, "that his probation in Houston County had certainly been revoked and [he] was going to be required to serve those sentences." Doc. No. 1 at 22. Because he filed his § 2254 petition on March 20, 2013, less than a year after he says he discovered his probation revocation and its consequences, he contends his petition is timely under § 2244(d)(1)(D). *Id*.

Robinson's suggestion that he did not learn of the March 2006 revocation judgment until he examined his ADOC inmate summary sheet in April 2012 is belied by his own representations in several pleadings and documents he filed in the state courts well before April 2012. For instance, in January 2008, Robinson sent a letter to Houston County Circuit Judge Lawson Little in which he indicated his awareness of the March 30, 2006, proceeding that resulted in his revocation. Doc. No. 24-1 at 23. In September 2008, Robinson again sent a letter to Judge Little in which he stated, "there seems to be a question [as] to whether I've been revoked of probation." *Id*. at 61. On October 31, 2008, Robinson filed in the Houston County Circuit Court a *pro se* "Motion for Service of Transmittal of Record/Motion to Begin Execution of Sentence" in which he recognized that "[a]t the March 30, 2006, hearing, the court, in absentia, revoked the previously imposed probation and ordered the execution of the full term previously imposed." *Id*. at 66. On December 22, 2008, Robinson filed a *pro se* "Motion for Review of Sentence Nunc Pro Tunc" with the circuit court, in which he again

recognized that "on March 30, 2006 Houston County Courts revoked petitioner's probation and [he] was ordered to serve previous sentence immediately." *Id*. at 74.  These pleadings and documents filed by Robinson demonstrate that as early as January 2008, he was aware that his probation had been revoked in March 2006, and shows that no later than October 2008, he was fully aware that his probation revocation resulted in the trial court's ordering him to serve his full, originally imposed sentences.

Robinson seems to suggest that the factual predicate for his claims should be his awareness of the *significance* of his probation revocation – specifically, that he would be required to serve his full, previously imposed sentences as a result of the revocation – and that he only discerned the consequences of his probation revocation when examining his ADOC inmate summary sheet in April 2012.  However, as noted, Robinson's pleadings filed in the state courts in 2008 reflect that he was well aware, no later than October 2008, that had been ordered to serve his full original sentences when his probation was revoked.  In any event, this court finds that the fact of Robinson's probation revocation, rather than all the consequences flowing therefrom, constitutes the operative "factual predicate" for purposes of § 2244(d)(1)(D).

> "[I]t should go without saying that a factual predicate must consist of facts.  Conclusions drawn from preexisting facts, even if the conclusions are themselves new, are not factual predicates for a claim." *Rivas v. Fischer*, 687 F.3d 514, 535 (2d Cir. 2012). The "factual predicate" also has been referenced as the underlying "vital facts" of a petitioners claim. *See, e.g., Ford v. Gonzalez*, 683 F.3d 1230, 1235 (9th Cir. 2012) ("The 'due diligence' clock starts ticking when a person knows or through diligence could discover the vital facts, regardless of when their legal significance is actually discovered.");

6

> *Mathena v. United States*, 577 F.3d 943, 946 (8th Cir. 2009) ("The factual predicate of a claim could have been discovered when a petitioner knows or should have known through due diligence the vital facts underlying the claim." (internal quotation marks omitted)); *McAleese v. Brennan*, 483 F.3d 206, 214 (3d Cir. 2007) ("Though the AEDPA does not define 'factual predicate,' we have held that section 2244(d)(1)(D) provides a petitioner with a later accrual date than section 2244(d)(1)(A) only if vital facts could not have been known." (second internal quotation marks and alteration omitted)); *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000) ("Section 2244(d)(1)(D) gives defendants the benefit of a later start if vital facts could not have been known by the date the appellate process ended.").

*Cole v. Warden, Georgia State Prison*, 768 F.3d 1150, 1155 (11th Cir. 2014).

"The analysis of 'factual predicate' and "due diligence" in § 2244(d)(1)(D) is symbiotic. The factual predicate first must be determined to give meaning to due diligence in discovering the claim for a particular petitioner's case." *Cole*, 768 F.3d at 155. Even assuming that Robinson did not receive notice when his probation was revoked in March 2006 and assuming he could not, until some later date, have discovered the fact of his revocation through the exercise of due diligence, the record, as recounted above, shows that the filing of his § 2254 petition on March 20, 2013, occurred anywhere from four to five years after he was aware of the supposed factual predicate for his claims. Thus, assuming that § 2244(d)(1)(D) provides the applicable trigger date for the limitation period in Robinson's case, his § 2254 is nevertheless untimely.

The federal limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v.*

*United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). *See Holland v. Fla.*, 560 U.S. 631 (2010). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002). Robinson fails to set forth any facts that demonstrate "extraordinary circumstances" and the exercise of due diligence to warrant equitable tolling of the limitation period. Consequently, he is not entitled to equitable tolling.[4]

Under the circumstances set forth above, it is apparent that the one-year limitation period in § 2244(d) expired well before Robinson filed his § 2254 petition. Consequently, his petition is time-barred and this court may not address the merits.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED with prejudice and this case dismissed because the petition is time-barred by the one-year limitation period in 28 U.S.C. § 2244(d).

It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before December 29, 2014. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive,

---

[4] Were Robinson to assert the supposed lack of notice of his revocation in March 2006 as a basis for equitable tolling, essentially the same analysis of his argument for applying § 2244(d)(1)(D) would obtain. Certainly, Robinson did not act with diligence to assert his rights after learning, no later than 2008, that his probation had been revoked in 2006.

8

or general objections will not be considered by the District Court. The parties are advised this Recommendation is not a final order; therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 11th day of December, 2014.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE